IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LANCE A. JONES,                        )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )    1:11CV470
                                       )
NORTH CAROLINA DEPARTMENT OF           )
CORRECTION,                            )
                                       )
          Defendant.                   )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion for Extension of Time for Discovery Period and to Continue Trial (Docket Entry 18). (See Docket Entry dated Jan. 31, 2013.) For the reasons that follow, the Court will deny the instant Motion.

### BACKGROUND

Plaintiff instituted this action by filing (through counsel) a Complaint against Defendant. (Docket Entry 1.) By Order dated November 10, 2011, the Court adopted the parties' Joint Rule 26(f) Report, except as to its request for a dispositive motions deadline beyond that provided for by Local Rule 56.1(b),[1] resulting in the establishment of August 31, 2012, as the discovery deadline. (See Docket Entry 9.) Plaintiff's original counsel died on December 21, 2011. (See Docket Entry 13-1.) On July 2, 2012, Plaintiff's

---

[1] The Court explained that the parties could obtain a later deadline for dispositive motions by showing good cause to deviate from Local Rule 56.1(b) (which sets the deadline for dispositive motions at 30 days after discovery ends). (Docket Entry 9 at 1.)

current counsel appeared (Docket Entry 12)[2] and "request[ed] that the deadline to complete discovery be extended to the end of January 2013" (Docket Entry 13 at 2). The Court granted that request and reset the discovery deadline for January 31, 2013. (Text Order dated July 12, 2012.)[3] In light of the new discovery deadline, by Notice dated September 11, 2012, the Clerk set a trial date of July 1, 2013. (Docket Entry 14.) On January 30, 2013, Plaintiff filed the instant Motion. (Docket Entry 18.)

### DISCUSSION

With his instant Motion (filed the day before the close of discovery), Plaintiff asks the Court to extend the discovery deadline to "at least July 2013," the dispositive motions deadline to "at least October 31, 2013," and the trial date to "January 31, 2014 or later." (Id. at 1.) To the extent Plaintiff bases those requests on the death of his original counsel and the fact that his current counsel "are still relatively new to the case" (see id. at 2), his instant Motion must fail, because (as documented in the Background section above) the Court adopted a new discovery deadline (which led, by operation of Local Rule 56.1(b), to the

---

[2] Although the associated Docket text references only one new attorney, two attorneys appeared for Plaintiff pursuant to that Notice. (See Docket Entry 12 at 1-2.) Perhaps because of that error in the Docket text, both attorneys recently filed another Notice of Appearance. (Docket Entry 16.)

[3] The Court, however, denied a request to set the dispositive motions deadline beyond that provided by Local Rule 56.1(b), for lack of a showing of good cause. (Text Order dated July 7, 2012.)

establishment of the dispositive motions deadline and, by action of the Clerk, to the setting of the trial date) at the request of Plaintiff's current counsel after they appeared in July 2012.  The only other specific justification cited in the instant Motion for the requested relief appears as follows:  "Plaintiff is still in the process of conducting discovery.  Depositions are still pending as counsel for the Plaintiff is still locating witnesses in order that the notices for deposition may be served."  (Id.)

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).[4]

---

[4] Prior to the 1983 amendment of Federal Rule of Civil Procedure 16 that mandated entry of scheduling orders, courts had experimented with them.  See Fed. R. Civ. P. 16 advisory committee's note, 1983 Amend., Discussion, Subdiv. (b).  In Barwick v. Celotex Corp., 736 F.2d 946 (4th Cir. 1984), the United States Court of Appeals for the Fourth Circuit confronted an appeal related to a scheduling order entered by a district court prior to the adoption of the 1983 Amendment.  In affirming the district court's enforcement of the scheduling order in that case, the Fourth Circuit stated:  "The requirements of the pretrial order are not set in stone, but may be relaxed for good cause, extraordinary circumstances, or in the interest of justice."  Id. at 954 (emphasis added).  The existing Federal Rule of Civil Procedure 16(b) permits modification of scheduling orders "only for good cause," Fed. R. Civ. P. 16(b)(4) (emphasis added), and thus does not authorize alteration of scheduling order deadlines based upon a showing of "extraordinary circumstances" or "in the interest of justice," as Barwick did in connection with scheduling orders entered prior to the 1983 Amendment.  It does not appear that the Fourth Circuit has repeated the relevant Barwick language in a published opinion construing a scheduling order adopted pursuant to the post-1983 Amendment version of Federal Rule of Civil Procedure 16.  The Fourth Circuit, however, has quoted that excerpt from Barwick in a few unpublished decisions, including, most recently, Wall v. Fruehauf Trailer Servs., Inc., 123 F. App'x 572, 576 (4th Cir. 2005), but without addressing the intervening amendment of Federal Rule of Civil Procedure 16.  Plaintiff has not relied on Barwick (or its unpublished progeny) (see Docket Entry 18) and, if
(continued...)

"[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is <u>diligence</u>." <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 255 (S.D.W. Va. 1995) (emphasis added); <u>see also</u> Fed. R. Civ. P. 16 advisory committee's note, 1983 Amend., Discussion, Subdiv. (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the <u>diligence</u> of the party seeking the extension." (emphasis added)); M.D.N.C. LR26.1(d) (providing that motions seeking to extend discovery period "must set forth good cause justifying the additional time and will be granted or approved <u>only</u> upon a showing that the parties have <u>diligently</u> pursued discovery" (emphasis added)). Under this standard, simply asserting that Plaintiff has failed to complete depositions he wishes to take because he has not located such witnesses falls short of establishing good cause to alter the discovery deadline (and, as a result, the dispositive motions deadline and trial date). Put another way, the instant Motion offers no basis for the Court to conclude that Plaintiff acted with reasonable diligence in pursuing the discovery which he now seeks an extension of time to pursue.

Nor does any absence of prejudice to Defendant from or the consent by Defendant to the requested extensions (<u>see</u> Docket Entry

---

⁴(...continued)
he had, the Court would hold that the <u>Barwick</u> standard did not survive the 1983 Amendment, <u>see</u> <u>Halpern v. Wake Forest Univ. Health Scis.</u>, 268 F.R.D. 264, 273-74 (M.D.N.C. 2010), <u>aff'd</u>, No. 1:09CV474 (M.D.N.C. Sept. 20, 2010) (Tilley, S.J.) (unpublished).

-4-

18 at 2-3) warrant the granting of the instant Motion. A lack of prejudice to one's opponent does not establish "good cause" to alter scheduling order deadlines. See, e.g., Cole v. Principi, No. 1:02CV790, 2004 WL 878259, at *7 (M.D.N.C. Apr. 22, 2004) (Beaty, J.) (unpublished); DeWitt v. Hutchins, 309 F. Supp. 2d 743, 748 (M.D.N.C. 2004) (Dixon, M.J.); 3 James Wm. Moore et al., Moore's Fed. Prac.—Civil § 16.14[b] (3d ed. 2009). Similarly, "focus[ing] on the purported agreement of the parties [to an extension] ignores th[e] fact that the [C]ourt, too, has an interest in ensuring that the parties abide by the deadlines it sets." Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc., 283 F.R.D. 142, 148 n.4 (S.D.N.Y. 2012); see also Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 594 (7th Cir. 2012) (taking note of its prior "reason[ing] that district courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal").

In sum, "the scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (internal quotation marks omitted). To the contrary, it represents "the critical path chosen by the [Court] and the parties to fulfill the mandate of [Federal] Rule [of Civil Procedure] 1 in securing the just, speedy, and inexpensive determination of every action." Marcum, 163 F.R.D. at 253 (internal brackets and

-5-

Case 1:11-cv-00470-CCE-LPA   Document 22   Filed 02/05/13   Page 5 of 6

quotation marks omitted).  As a result, this Court has a strong tradition of enforcing scheduling order deadlines to ensure that trials take place as planned.  See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., No. 1:03CV537, 2005 WL 6043267, at *3 (M.D.N.C. July 7, 2005) (unpublished) (noting that "[C]ourt's scheduling practice has proven to be effective for the management of individual cases and for overall docket control and management" and citing "history of strict adherence to discovery schedules").  The instant Motion does not provide grounds to take a different approach in this case.[5]

## CONCLUSION

Plaintiff has not shown good cause to extend the discovery or dispositive motions deadlines or to alter the trial date.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time for Discovery Period and to Continue Trial (Docket Entry 18) is **DENIED**.

                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                                    **United States Magistrate Judge**
February 5, 2013

---

[5] Nor does the instant Motion comply with the signature requirements of Local Rule 40.1(b).  (See Docket Entry 18 at 3.)